UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPEN SOLUTIONS
CU TECHNOLOGIES,

       Plaintiff,

                                                CASE NO. 05-74778
v.                                                 HON. LAWRENCE P. ZATKOFF

TENNESSEE CREDIT UNION
PROCESSING SERVICES, LLC,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 12, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

       This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, filed on May 3, 2006.  Plaintiff has filed a response to the Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and affidavits and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## II.  BACKGROUND

In 1994, Defendant purchased computer software, hardware, and support services from C.U. Processing Company ("CUP"), pursuant to a written agreement ("the Agreement").  CUP is a Michigan corporation specializing in data processing services.  Defendant is a Tennessee corporation.  The precise nature of Defendant's business is not described, but it appears to provide administrative services to credit unions.

The Agreement stated CUP would provide day-to-day data processing for Defendant's credit unions.  The services were to be performed at CUP's facilities in Knoxville, Tennessee.  The Agreement was amended in 1997 and 2000.  Although the 2000 amendment does not contain any language regarding where CUP's services were to be provided, after the 2000 amendment the services were performed at CUP's offices in Southfield, Michigan.  Plaintiff alleges, and Defendant does not dispute, that data was transferred directly from Defendant to the Southfield offices.  After the 2000 amendment, CUP merged into CGI-AMS ("CGI").  CUP remained at its Southfield offices, and continued to provide services to Defendant pursuant to the Agreement.  On March 10, 2005, Plaintiff bought the Agreement from CGI, and assumed responsibility for providing services to Defendant.  Plaintiff is a Delaware corporation with its principal place of business in Southfield, Michigan.  Defendant did not object to the assignment of the Agreement to Plaintiff.

On December 16, 2005, Plaintiff brought suit in this Court against Defendant for breach of contract.  On May 3, 2006, Defendant brought the instant motion to dismiss.

## III.  LEGAL STANDARD

Defendant brought this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).  It is well

settled that the plaintiff bears the burden of establishing that personal jurisdiction exists in this Court. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Once a defendant has filed its properly supported motion for dismissal, the plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over defendant]." *Theunissen*, 935 F.2d at 1458. When deciding a 12(b)(2) motion, the Court must not weigh the evidence, and the pleadings and affidavits "are received in a light most favorable to the plaintiff." *Id.* at 1459. When the motion is decided on the pleadings and affidavits, "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Id.* at 1458.

## IV.  ANALYSIS

**A.  Personal Jurisdiction**

Under Rule 4(e) of the Federal Rules of Civil Procedure, the Court must look to the Michigan long-arm statute, M.C.L.A. § 600.715, to determine whether personal jurisdiction exists in the case at bar. M.C.L.A. § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> > (1)  The transaction of any business within the State.
> >
> > (2)  The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195 (1971), the Michigan Supreme Court stated that the word "any" which is found in M.C.L.A. § 600.715(a) "means just what it says. It includes 'each' and 'every' . . . . It comprehends the 'slightest'" contact. *Id*. at 199 n.2. *See also Lanier v. American Bd. Of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988). However, state long-arm statutes are still subject to the constitutional restraints of due process. *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the due process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.*

*1.     Michigan Long-Arm Statute*

Plaintiff argues that Defendant's contacts with Michigan satisfy the state long-arm statute. Plaintiff notes that the Agreement identified CUP as a Michigan corporation with offices in Southfield, Michigan. The Agreement stated that communications would be sent to the Southfield offices, and Plaintiff argues that Defendant did in fact send communications to the Southfield office by telephone, fax, and mail. Plaintiff notes that beginning in 2000, data was sent from Defendant to the Southfield offices to be processed. Plaintiff also claims that Defendant's chairman, Dean Bounds, attended several meetings at the Southfield office from 1994 to 2001.

Defendant argues that it is a Tennessee corporation that operates exclusively in Tennessee. Defendant notes that the Agreement was signed in Tennessee, and Tennessee law governed the Agreement. Defendant also notes that the Agreement does not contemplate the data processing services being performed in Michigan. Therefore, Defendant claims that it does not have sufficient contacts with Michigan to be subject to personal jurisdiction there.

Defendant's arguments are unpersuasive. Regarding the Michigan long-arm statute, the Sixth Circuit has held that "[t]he 'transaction of any business' necessary for limited personal

jurisdiction under § 600.715(1) is established by 'the slightest act of business in Michigan.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002) (quoting *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988). In *Neogen Corp.*, the Sixth Circuit held that the Defendant had transacted business in Michigan for purposes of the long-arm statute "when it accepted blood for testing from Michigan, mailed the test results to Michigan, made the results accessible to its Michigan customers on its website, and accepted payment through the mail from Michigan." *Id.*

In the instant case the Agreement stated that Defendant was entering into a contract with a Michigan Corporation. The Agreement specified that communications would be sent to CUP's offices in Michigan. Defendant also sent data to Michigan to be processed. These actions constitute the transaction of business in Michigan for purposes of the long-arm statute.

2. *Due Process*

The relevant criteria for due process consideration are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460. In the instant case, the cause of action arises from Defendant's activities in Michigan, namely Defendant's activities regarding the Agreement. Thus, the question is whether Defendant purposely availed itself of the privilege of acting in Michigan, and whether the exercise of jurisdiction is reasonable.

As noted above, Defendant argues that it did not avail itself of the privilege of acting in Michigan because Defendant has no presence in Michigan, the Agreement was signed in Tennessee,

5

described services to be performed in Tennessee, and was governed by Tennessee law. However, while a choice of law provision may have some impact on the personal jurisdiction analysis, it is not determinative. In addition, physical presence in the forum state is not required to establish that Defendant availed itself of the privilege of acting there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Rather, the question is whether Defendant's contacts with the forum state are such that it could "reasonably anticipate being haled into court there." *Id.* at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

> In *Neogen Corp.*, the Sixth Circuit held that:
>
> Although customers from Michigan contacted NGS, and not the other way around, NGS could not mail test results to and accept payment from customers with Michigan addresses without intentionally choosing to conduct business in Michigan. This establishes that NGS chose to contract with customers from Michigan. Additionally, a part of NGS's service is the packaging of the results of the tests that it performs. When NGS mails these test results to its Michigan customers, or sends them a password to be used interactively on its website, NGS reaches out to Michigan to perform its services there. Neogen has therefore alleged facts which, when viewed in the light most favorable to Neogen, support a finding that NGS purposefully availed itself of the privilege of doing business in Michigan.

*Neogen Corp.*, 282 F.3d at 892. In the instant case, the Agreement specifically stated that Defendant was contracting with a Michigan company. The Agreement also specified that communications were to be sent to Michigan, and Defendant did send communications to Michigan. Defendant's chairman also went to Michigan to attend meetings. Finally, although the data processing that was the subject of the Agreement initially took place in Tennessee, it was subsequently done in Michigan. If this was done without Defendant's knowledge, it would not support the case for personal jurisdiction in Michigan. However, Defendant did know of the change, because it began sending data to CUPS's offices in Southfield, Michigan to be processed. By sending the data to Michigan, Defendant reached out to Michigan to avail itself of services there. The above facts

demonstrate that Defendant availed itself of the privilege of doing business in Michigan, and could reasonably anticipate being subject to suit there.  Thus, Defendant is properly subject to personal jurisdiction in Michigan.

**B.     Venue**

Pursuant to 28 U.S.C. 1391(a)(1), venue lies in "a judicial district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(c) states that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  As discussed above, Defendant is subject to personal jurisdiction in Michigan.  Specifically, Defendant is subject to personal jurisdiction in the Eastern District of Michigan, because Defendant's contacts were with CUP's offices in Southfield, in the Eastern District.  Thus, venue is proper in the Eastern District of Michigan.

### V.  CONCLUSION

For the above reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 12, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290